**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**DAVID LEE REDWINE**                                                                 **PLAINTIFF**

  **V.**                                                                                 **NO. 3:20CV00070-JMV**

**ANDREW SAUL,**
*COMMISSIONER OF SOCIAL SECURITY*                          **DEFENDANT**

**FINAL JUDGMENT**

This cause is before the Court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the Court's ruling from the bench during a hearing held today, the Court finds the Commissioner's residual functional capacity ("RFC") determination is not supported by substantial evidence in the record. Specifically, there is ample evidence in the record of the claimant's chronic fatigue, and the only evidence regarding the claimant's ability to function as it relates to his fatigue is his uncontroverted testimony of debilitating limitations.[1] There is, however, no medical opinion with regard to the claimant's ability to

---

[1] *See generally Ripley v. Chater*, 67 F.3d 552 (5th Cir. 1995) (finding the ALJ's RFC determination was not supported by substantial evidence and that a medical source statement from a treating physician was required

perform work activity.[2]   Ultimately, the ALJ failed to fully and fairly develop the record as relates to the claimant's ability to perform work activity in view of his chronic fatigue before formulating the claimant's RFC.  *See Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). The ALJ's failure to obtain a medical opinion regarding the claimant's ability to perform work activity prejudiced the claimant because an assessment from a doctor could have adduced evidence that "might" have altered the result.

On remand, the ALJ must obtain a medical source opinion regarding the claimant's ability to perform work activity.  Specifically, as relates to the claimant's fatigue, the ALJ must request that the assessment include an opinion regarding time off task, if any, the claimant might experience during a workday and/or workweek.  The ALJ may satisfy the foregoing obligation by obtaining an updated assessment from an agency medical consultant or advisor.  If necessary, however, the ALJ must order a consultative examination.  Further, if necessary, the ALJ must obtain supplemental vocational expert evidence.  The ALJ may conduct any additional proceedings not inconsistent with this judgment.

---

because the record included vast amounts of information establishing the claimant's back problem; no clear evidence establishing the effect the condition had on the claimant's ability to work; and testimony from the claimant regarding debilitating limitations).  In this case, the ALJ pointed to no evidence that contradicted the claimant's testimony that for approximately four days out of a week he barely had enough energy to make it from the shower to his couch and that some days he rarely left the couch due to fatigue.  Indeed, the ALJ did not reference this testimony.  Ultimately, the vocational expert testified there would be no jobs available for a person who was off task for either 20 percent of a work week (in addition to normal breaks) or who missed 4 or more days of work per month.

[2]  *See Ripley*, 67 F.3d at 558 n.27 (finding substantial evidence did not support the ALJ's RFC determination because the court could not determine the effect the claimant's conditions, "no matter how 'small'," had on his ability to perform sedentary work, absent a report from a qualified medical expert.). Indeed, the only doctor who considered the issue in this case, the state agency medical consultant, found no severe impairments because there was "insufficient evidence to evaluate the claim" at the time.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **REVERSED and REMANDED** for further proceedings.

This, the 15th day of December, 2020.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE